The plaintiff appealed to the general court, and
Chase, Ch. J.
delivered the following opinion of the court:
Before I consider the question I would make a few general remarks.
Every executor or administrator is obliged by his duty, oath and law, to administer the goods and chattels of the testator or intestate, which come to his hands, according to law.
The law, before the act of 1785, c. 80. established the order in which debts due from the testator or intestate to private persons, should be paid.
1. Debts of record (and decrees in chancery, 2 Vern. 89.) of which the executor or administrator was obliged to take notice at his peril; for if he paid previously any other debts, he thereby became guilty of a devastavit, *134 and liable to pay such debts of record and decrees de bonis propriis. The person who first sueth execution' must be first preferred. Before execution, the executor or administrator may prefer which he pleases. If two or more issued scire facias, the executor or administrator may confess assets to which of them he pleases, and plead generally plene administramt to the other scire facias. Swinb. 402.
2. Debts by specialty, or for rent, or on foreign bills of exchange, or inland bills or negotiable notes, &c. since 1766, of which the creditor ought to give timely notice to the executor or administrator. By timely notice, I understand information before he has given judgments in actions of debts of an inferior nature. An executor or administrator may prefer any of these creditors he pleases, in the same manner as creditors of record.
3. Debts on simple contract, of which the creditor ought to give notice. 1 Went. 133. 2 Went. 73. 110. Law of Test. 430. Godolph. 215—225. 1 Com. Dig. 245. 2 Bl. Com. 511. Swinb.
From this legal order of paying debts the executor or administrator cannot depart. If he pays a debt on simple contract, after notice of a debt by specialty or decree, or on bills of exchange made in certain cases, equal to specialties by act of assembly, or for rent, and there should be a deficiency of assets, he is answerable to the amount of such improper and illegal payment out of his own proper goods. Bull. 141. 178. Fitzg. 76.
The law gives an executor or administrator certain privileges which he cannot be deprived of even in equity, unless by fraud. He may pay or retain in his hands to pay his own debts, in preference and prejudice of debts of equal degree. 10 Mod. 496. 11 Vin. Abr. 296.
If debts are of the same degree, (and the time of payment arrived,) the executor or administrator may pay which he pleases first, unless action is commenced, and in this case he may give a preference by confessing assets, *135 in any subsequent suit, and he may plead such judgment to the action first commenced, and he may delay the first suit for this purpose. Swinb. 459. 1 Lev. 200. 10 Mod. 496. 1 P. Wms. 295, 5 Com. Dig. 203. 11 Vin. Abr. tit. Executors, 270. Swinb. 398.
If an action is brought against executor or administrator, and he has paid debts of a superior degree, or such debts are outstanding and unsatisfied, he must plaed such debts iu bar of the action, and cannot give it in evidence on plene administravit. 3 Lev. 114.
Commencement of suit (which may be immediately on death of testator, 2 Atk. 301.) will sometimes entitle to a priority of payment, (2. e. restrain the election of executor or administrator,) as in the case of debts of equal degree, and action is brought by one of the creditors, the executor or administrator cannot pay the debt on which suit is not brought, but he is bound to discharge the debt in suit. Law of Test. 427. Cro. Eliz. 41. Swinb. 458.
The court of Baltimore county was of opinion, that an executor is justified in paying simple contract debts after notice of a debt by specialty, unless such notice was by-action commenced. Cases cited, 1 Mod. 174, 175. So argued Chappel, in Fitzg. 77. and Lev. 113. 3 Mod. 115. Comb. 35. 2 Show. 492. Vaughan, 89. Esp. 293. 2 Bl. Com. 512. Dyer, 32. a. 2 Lev. 60. Special Pleader, 279. 2 Bac. Abr. 435. 1 Durn. & East, 690.
The opinion, therefore, of the court below is erroneous, because contrary to law, uniform practice, and greatly detrimental to administration of estates.
Notice may be in writing, or verbal. Went. 145. Law of Test. 428. Vaugh. 94. S. C. 11 Vin. Abr. tit. Executors, 296, pl. 8. Andr. 340. Fitzg. 76, 1 Barnad. B. R. 186. 2 Cro. 535. 1 Com. Dig. 245. 1 Durn. & East, 690.
Hollingsworth, for the appellant.
D. M'Mechen, for the appellees.
The plea is always plene administravit before notice. Clk. Asst. 167. 2 Bro. 100.
If notice by suit, the plea must be plene administravit before writ issued.
Such decision would compel all specialty creditors t<j sue.
Let the judgment be reversed.
Procedendo awarded to the county court.